FILED
SUPERIOR COURT
OF GUAM

2021 MAR 25 PM 5: 11

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PERSONAL FINANCE CENTER, | Superior Court Case No. <u>CV0923-20</u> |
| Plaintiff, | |
| vs. | **DECISION & ORDER RE MOTION FOR SUMMARY JUDGMENT** |
| FREDDIE B. MESINA, | |
| Defendant. | |

The Court here considers Plaintiff Personal Finance Center's ("PFC") Motion for Summary Judgment on its claims against Defendant Freddie B. Mesina. PFC alleges that Mesina failed to make payments on a promissory note (the "Note") executed by the parties. PFC seeks summary judgment on its claims that Mesina is liable for the Note's principal balance, $11,093.52; accrued interest, $3,585.30; additional interest at the rate of 24% per annum from November 9, 2020; and reasonable attorneys fees, not to exceed 15% of the unpaid balance, totaling $2,201.82. After reviewing the record and relevant law, the Court finds that Mesina failed to provide specific facts indicating a genuine issue for trial. The Motion for Summary Judgment is therefore GRANTED.

### I.    UNDISPUTED FACTS

It is undisputed that Mesina executed the Note with PFC. Decl. in Support of Mot. for Summary Judgment ("Decl.") ¶ 5 (Jan. 26, 2021). Mesina admits that he failed to make the

required payments on the Note. Def.'s Answer ¶ 3 (Dec. 21, 2020). Moreover, Mesina offers no alternative calculations on the principal balance of $11,093.52, the accrued interest of $3,585.30, and reasonable attorney fees of $2,201.82. Decl. ¶¶ 6-7.

## II.   LAW AND DISCUSSION

Under GRCP 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with other affidavits, if any, show there is no genuine issue of material fact that the moving party is entitled to a judgment as a matter of law." When a motion for summary judgment is made, an adverse party may not rest upon allegations or denials of the adverse party's pleading. GRCP 56(e). The adverse party's response must set forth specific facts showing a genuine issue for trial. *Id.* If, after adequate time for discovery, the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then Rule 56(c) requires entry of summary judgment. *Kim v. Hong*, 1997 Guam 11 ¶ 8. When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7.

Generally, in a contract dispute, a motion for summary judgment may be granted only where the agreement's language is unambiguous and conveys a definite meaning. *Edwards v. Pac. Fin. Corp.*, 2000 Guam 27 ¶ 9; *See also John Hancock Mutual Life Ins. Co. Amerford Int'l. Corp.*, 22 F.3d 458 (2nd Cir. 1994). The contractual language is unambiguous when it has "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself and concerning which there is no reasonable basis for a difference of opinion." *John Hancock Mutual Life Ins. Co.*, 22 F.3d at 461. "A contract must be interpreted as to give



effect to the mutual intentions of the parties at the time of contracting." *Edwards*, 2000 Guam 27 ¶ 9 (quoting 18 GCA § 87102).

As to Mesina's liability for the unpaid balance and accrued interest, the Note's "Promise to Pay" provision provides that Mesina "promise[s] to pay to Personal Finance Center... the principal amount ... together with interest on the unpaid principal balance... calculated ... using an interest rate of 24.000% per annum, until paid in full." Decl., Ex. A at 1. Furthermore, the "Lender's Rights" provision provides that, upon default, PFC "may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due ...." Decl., Ex. A at 2. The Note's "Default" provision provides that Mesina "will be in default if ... [he] fail[s] to make any payment when due ...." Decl., Ex. A at 1.

Mesina admits that he executed the Note with PFC and then failed to make the required payments on the Note. Def's Answer ¶¶ 2-3. Under the terms of the Note, he is in default and PFC is permitted to demand the immediate full payment of the unpaid principal balance and all accrued unpaid interest.

As to the principal balance and accrued interest owed, PFC submits the declaration of Eloy S. Lizama, the Chief Financial Officer for PFC. In his declaration, Lizama states that the information regarding the Note is taken from PFC's business records and the records are:

> (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of PFC's regularly conducted business activities; and (c) it is the regular practice of PFC to make such records.

Decl. ¶ 4. Lizama states that, as of November 9, 2020, Mesina owes PFC the principal balance of $11,093.52. Decl. ¶ 6. As to the accrued interest owed, PFC alleges that Mesina owes $3,585.30 and Lizama's declaration corroborates the amount. Decl. ¶ 5, Ex. B. Mesina claims that he is without sufficient knowledge as to the $11,093.53 principal balance alleged.

ORIGINAL

However, Mesina provides no evidence disputing the principle balance owed or challenging the calculations. Accordingly, the Court finds no issue of material fact as to Mesina's obligation to pay the principal balance of $11,093.52 and the accrued interest of $3,585.30.

Regarding Mesina's liability for the additional interest, Lizama's declaration states that Mesina owes PFC interest at the rate of 24% per annum from November 9, 2020. Decl. ¶ 6. While Mesina denies that he is liable, Def.'s Answer ¶ 3, the Note's "Interest After Default" provision states that, upon default, "the total sum due under this Note will continue to accrue interest rate under this Note." The Note also emphasizes "Interest Rate: 24.000%" above all its provisions. The Court is satisfied that no issue of material fact exists as to Mesina's obligation to pay the additional interest.

As to Mesina's liability for reasonable attorney fees due, the Note's "Attorneys' Fees; Expenses" provision provides that PFC may hire counsel to help collect any unpaid balance on the Note. Furthermore, the provision states that Mesina is liable for the expenses associated with collection, "including without limitation all reasonable attorneys' fees, however not to exceed fifteen percent (15%) of the unpaid debt after default ...." Since it is undisputed that PFC incurred legal expenses by initiating the instant case, the Court finds no issue of material fact regarding Mesina's liability to pay PFC attorney fees. Furthermore, since $2,201.82 does not exceed 15% of the unpaid balance, the Court finds that this is a reasonable request for attorney's fees and expenses under the Note. Decl. ¶ 7.

The Court finds that Summary Judgment is proper and Mesina is obligated to pay the principal balance of $11,093.52, the accrued interest of $3,585.30, additional interest at a rate of 24% per annum from November 9, 2020, and reasonable attorney fees in the amount of $2,201.82.

ORIGINAL

## III.    CONCLUSION

For the above reasons, the Court GRANTS Plaintiff's Motion for Summary Judgment.

PFC may submit a proposed final judgment in conformance with this Decision and Order.

SO ORDERED this 25th day of March 2021.



**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Mark S. Beggs, Esq., The Law Offices of Duncan G. McCully, P.C., for Personal Finance Center
Vanessa L. Williams, Esq., Law Office of Vanessa L. Williams, P.C., for Freddie Mesina

ORIGINAL